O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATSON ALLISON,<br><br>  Petitioner,<br><br>    v.<br><br>ROBERT AYERS, JR., Warden<br> of California State Prison<br> at San Quentin,<br><br>  Respondent. | CASE NO. CV 92-06404 CAS<br><br>**DEATH PENALTY CASE**<br><br>ORDER ON RESPONDENT'S<br>MOTION IN LIMINE |

The Court has received and reviewed respondent's motion in limine and petitioner's opposition to the motion. (See Motion in Limine to Exclude Evidence Pertaining to Samuel Bonner's State Court Habeas Proceedings, filed Sept. 5, 2008; Opposition to Respondent's Motion in Limine; Memorandum in Support of Opposition to Respondent's Motion in Limine, both filed Sept, 10, 2008). The Court FINDS and ORDERS as follows:

The Court finds that a blanket order excluding at the outset of the evidentiary hearing the items of evidence which are the subject of respondent's Motion in Limine is not appropriate, especially in view of the fact that the Court has

neither seen the proffered testimony or items of evidence in question nor heard an offer of proof on the purposes for which the testimony and items are to be offered. Therefore, the Court DENIES respondent's motion in limine. However, that denial is without prejudice to respondent raising specific objections to specific testimony or evidence at the time the testimony or evidence is offered.[1]

For the guidance of the parties, the Court addresses each of the items of evidence respondent seeks to have excluded:

A. <u>Testimony And Memorandum Of Frank Sundstedt</u>

Petitioner's witness list states that petitioner intends to call former Los Angeles District Attorney Frank Sundstedt to testify about the evidence and argument that he presented in a hearing in state habeas corpus proceedings petitioner's co-perpetrator, Samuel Bonner, brought in the Los Angeles Superior Court, including "that there was no evidence that informant Michael Hayes perjured himself."[2] (Petitioner's Witness List for Session One of the Evidentiary Hearing, filed Sept. 5, 2008, ¶ 5, at 2). Petitioner's exhibit list identifies exhibit 50 as "Memo to File from Frank E. Sundstedt Re: <u>People v. Samuel Bonner</u>, July 11, 1989." (Petitioner's Exhibit List for Session One of the Evidentiary Hearing, filed

---

[1] Even testimony or evidence it excludes from the evidentiary hearing, the Court will make the item a part of the record for purposes of appellate review without considering it in ruling on petitioner's claims.

[2] Assuming Michael Hayes can be located, at petitioner's evidentiary hearing petitioner expects to call Hayes, "who testified at co-defendant Samuel Bonner's trial that Bonner admitted to the shooting of Wesley Polk." (Ptr's. Witness List, <u>supra</u>, ¶ 6, at 2).

2

1  Sept. 5, 2008, ¶ 50, at 4).  Respondent seeks to exclude this
2  evidence on relevancy and hearsay grounds.  (Motion in Limine,
3  at 2-3 (<u>citing</u> Fed. R. Evid., Rules 701, 704, & 802)).
4         A blanket order excluding Sundstedt's testimony would
5  appear to be inappropriate.  Sundstedt would be competent to
6  testify about any matter which he personally observed, such as
7  statements made in filings he personally saw or during those
8  portions of the evidentiary hearing in the Bonner state habeas
9  proceedings which he personally attended.  Hearsay statements
10 Sundstedt testifies to may or may not be admissible for the
11 truth of their contents but would be admissible to prove the
12 fact they were made and may be admissible for their truth under
13 an exception to the hearsay rule.  Thus, respondent's
14 objections would not apply in blanket fashion to the subject of
15 Sundstedt's anticipated testimony as identified in petitioner's
16 witness list: "the evidence and argument that he presented in
17 Los Angeles Superior Court proceedings regarding the petition
18 for habeas corpus of co-defendant Samuel Bonner including that
19 there was no evidence that informant Michael Hayes perjured
20 himself."  (Ptr's. Witness List, ¶ 5, at 2).
21 B.   <u>The Testimony Of Brentford Ferreira</u>
22     Petitioner's witness list states that petitioner intends
23 to call Brent Ferreira, HABLIT, Los Angeles District Attorney,
24 to testify about the Los Angeles County District Attorney's
25 office's policies regarding the retention and handling of
26 prosecutor's trial files in death penalty cases and the
27 District Attorney's handling of the files in the case of <u>People</u>
28 <u>v. Allison</u>, <u>People v. Bonner</u> and subsequent appeals and habeas

1 proceedings.  (Ptr's. Witness List, ¶ 4, at 2).  Respondent
2 seeks to have this testimony excluded on from the evidentiary
3 hearing on relevancy, hearsay and foundational grounds, but
4 does not object to Ferreira's testimony on "the collateral
5 issue of whether the District Attorney's Office adequately
6 complied with petitioner's subpoena duces tecum."  (Motion in
7 Limine, at 3-4).

8 Both parties appear to agree that Ferreira's testimony
9 should be admitted on the issue of whether the loss or
10 destruction of the District Attorney trial files in
11 petitioner's and Bonner's cases complied with the policies and
12 procedures of the District Attorney's Office, with respondent
13 seeking an order limiting it to that purpose.  The Court DENIES
14 respondent's motion in limine regarding Ferreira's testimony,
15 without prejudice to respondent raising objections to specific
16 portions of Ferreira's testimony at the time that testimony is
17 offered if it should exceed the scope of the proffer set forth
18 in petitioner's witness list.

19 C. <u>Transcript Of Detective Miller's Testimony At Bonner's</u>
20 <u>Habeas Hearing</u>

21 Petitioner's witness list states that petitioner intends
22 to call LBPD Detective John Miller, the second investigator in
23 petitioner's case, who wrote reports regarding an interview of
24 Michael Hayes and other relevant matters, and who testified at
25 Hayes' state habeas proceedings.  (Ptr's. Witness List, at 3).
26 However, petitioner states that Miller now lives in Arizona and
27 is unavailable to testify in person, so that,"[p]er agreement
28 with respondent's counsel, petitioner intends to depose

4

1  Detective Miller in Arizona as soon as possible following
2  session one of the evidentiary hearing" (id.), and then
3  presumably introduce the deposition transcript in lieu of his
4  personal testimony.  In his exhibit list, petitioner identifies
5  exhibit 25 as "[t]estimony of John H. Miller, May 7, 1990,
6  People v. Bonner, No. A026128, Proceedings Re Petition for a
7  Writ of Habeas Corpus."  (Ptr's. Exhibit List, at 3).
8  Respondent seeks exclusion of Detective Miller's previous
9  testimony on hearsay grounds under Fed. R. Evid., Rule
10 804(b)(1), arguing that respondent was not a party to, and did
11 not have the opportunity to cross-examine Miller at, Bonner's
12 state habeas evidentiary hearing, as well as on relevancy and
13 "best evidence" grounds.  (Motion in Limine, at 4-5).

14      Petitioner's counsel apparently intends to depose Miller
15 (Motion in Limine, at 4 n.2), which may afford respondent's
16 counsel an opportunity to cross-examine him, including about
17 the Bonner state habeas evidentiary hearing transcript.
18 Neither party addresses whether such cross-examination by
19 respondent's counsel would render the transcript admissible
20 under Rule 804(b)(1) or some other exception to the hearsay
21 rule.  For this reason, and without ruling on the validity of
22 respondent's argument as framed in the motion in limine, the
23 Court DENIES respondent's motion in limine on this issue
24 without prejudice to respondent rasing objections at the time
25 petitioner proffers Miller's testimony or the transcript of the
26 Bonner evidentiary hearing at petitioner's evidentiary hearing.
27 / / /
28 / / /

5

D. <u>The Los Angeles County Superior Court's Minute Order Denying Bonner's State Habeas Petition</u>

Petitioner's exhibit list identifies exhibit 26 as "Order of Los Angeles County Superior Court Judge Charles D. Sheldon denying Petition for a Writ of Habeas Corpus by Samuel Bonner, July 7, 1990." (Ptr's. Exhibit List, at 3). Respondent requests that the Court exclude this item of evidence on the ground it is illegible and on relevancy grounds. (Motion in Limine, at 5).

Petitioner contends that the Los Angeles County Superior Court's ruling in favor of the state, "that '[n]o credible evidence has been presented to establish' by a preponderance of the evidence that Hayes committed perjury at Bonner's trial," is relevant in petitioner's habeas proceedings for two reasons: (1) it tends to suggest that a reasonable fact-finder would have found prosecution efforts to suggest Hayes' testimony was false to be unconvincing, and (2) it provides grounds for this Court invoke judicial estoppel to prevent respondent from now arguing in petitioner's case that Hayes' testimony was false. (Opp., at 2 (<u>citing</u> <u>Russell v. Rolfs</u>, 893 F.2d 1033, 1037 (9th Cir. 1990), <u>cert</u>. <u>denied</u>, 501 U.S. 1260 (1991))

The Court has not seen a copy of the state court order in question, and the parties have not discussed whether they would be willing to stipulate to its contents.

For this reason, and because it is not appropriate at this time and on this record to resolve whether judicial estoppel applies to respondent's conduct in this case, the Court DENIES respondent's motion in limine to exclude this item of evidence.

The Court strongly encourages the parties to obtain a legible copy of the Order or to attempt to stipulate to its contents. The Court will determine whether judicial estoppel applies in this case when asked to do so by one of the parties in a properly noticed motion or brief.

IT IS SO ORDERED.

Dated: September 15, 2008.

_____
Christina A. Snyder
UNITED STATES DISTRICT JUDGE