O

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  WATSON ALLISON,              )    CASE NO. CV 92-06404 CAS
                                 )
12        Petitioner,            )    **DEATH PENALTY CASE**
                                 )
13           v.                  )    ORDER ON MOTIONS IN LIMINE
                                 )
14  ROBERT AYERS, JR., Warden    )    [Evidentiary Hearing:
     of California State Prison  )
15   at San Quentin,             )    Second Session]
                                 )
16        Respondent.            )
                                 )
17

18

19       The Court has received and reviewed respondent's motions

20  in limine, petitioner's motion in limine, and the oppositions

21  to each motion.  (See Respondent's Motion in Limine to Exclude

22  Declaration and Testimony of Dr. Mindy Rosenberg; Respondent's

23  Motion in Limine to Exclude Declaration and Testimony of Cliff

24  Gardener, both filed Dec. 11, 2008; Opposition to Respondent's

25  Motion in Limine to Exclude Declaration and Testimony of Dr.

26  Mindy Rosenberg, Opposition to Respondent's Motion in Limine to

27  Exclude Declaration of Cliff Gardner, both filed Dec. 14, 2008;

28  Petitioner's Motion in Limine to Exclude Testimony by Dr. John

Dunn that Offers an Opinion Based on Tests Administered by Dr. Nancy Kaser-Boyd, filed Dec. 15, 2008; Respondent's Opposition to Motion in Limine to Exclude Dr. Dunn's Testimony in Part, filed Dec. 16, 2008).  The Court FINDS and ORDERS as follows:

A.   Respondent's Motion to Exclude Gardner Declaration

Respondent seeks to have the Court exclude the declaration of petitioner's appellate Strickland expert, Cliff Gardner, on the grounds that (1) the opinion is not of material assistance to the Court which, itself, is capable of understanding and applying the Strickland rule to petitioner's case (Rsp's. Mot.-Gardner, at 2-4), and (2) the opinion is little more than a legal conclusion regarding the proper resolution of petitioner's claim masquerading as an expert opinion. (Id., at 4; see Declaration of Cliff Gardner, att. to Declarations to be Presented by Petitioner in Lieu of Direct Testimony, filed Dec. 8, 2008).

Respondent is correct that Strickland experts are disfavored:

> With respect to a request for a Strickland expert, the prevailing view is that expert testimony regarding the standards of practice for criminal defense attorneys in capital cases does not substantially aid the district courts in resolving claims of ineffective assistance of counsel. District Courts are fully qualified to understand and apply

1    the legal analysis required by <u>Strickland v.</u>
2    <u>Washington</u> [citation], to the facts as developed
3    during the litigation of the federal habeas corpus
4    petition.  If the Court finds that a <u>Strickland</u>
5    expert would assist in the resolution of an
6    ineffective assistance of counsel claim, it is not
7    necessary for the expert to undertake a comprehensive
8    review of the trial proceedings.  Rather the expert
9    may be consulted about the standard of care at the
10   time of the trial proceedings, in the context of the
11   venue in which the case was tried.  In other words,
12   it is not necessary to utilize a <u>Strickland</u> expert to
13   tell the attorneys what the issues are.  Rather, if
14   used at all, such an expert should only be used to
15   educate the court and the parties about the relevant
16   standard of care for an attorney trying a death
17   penalty case.
18   Guide to Case Management and Budgeting in Capital Habeas Cases,
19   ¶ 27, foll. Sec. III, Ph. I  (available on line at
20   www.cacd.uscourts.gov) (citations omitted; as viewed December
21   12, 2008).  Nevertheless, the use of <u>Strickland</u> experts,
22   especially in capital habeas cases, is well-established.  <u>See</u>
23   <u>e.g. Wiggins v. Smith</u>, 539 U.S. 510, 524 (2003) (testimony of
24   an attorney expert on the "professional standards that
25   prevailed in Maryland in 1989"); <u>Beardslee v. Woodford</u>, 358
26   F.3d 560, 570 n.1, 583 (9th Cir.) (referring to the evidentiary
27   hearing testimony of petitioner's "<u>Strickland</u> expert"), <u>opinion</u>
28   <u>supplemented on other grounds sub nom. Beardslee v. Brown</u>, 393

1   F.3d 1-32 (9th Cir.), <u>cert</u>. <u>denied</u>, 543 U.S. 842 (2004).

2

3       The Court finds Gardner's declaration is admissible, but

4   it will consider respondent's arguments in evaluating the

5   weight to be assigned to Gardner's opinions.[1]

6

7   B.   <u>Respondent's Motion to Exclude Rosenberg Declaration</u>

8

9       As part of his case in chief at the evidentiary hearing,

10  petitioner seeks to rely on the declaration of Mindy S.

11  Rosenberg, Ph.D., which petitioner previously filed in support

12  of his motion for evidentiary hearing on June 23, 2000.  (See

13  Declaration of Mindy Rosenberg, Ph.D., filed Dec. 12, 2008,

14  cover sheet, at 2).

15

16  (1)  <u>Respondent's General Objections</u>

17

18      Respondent seeks to have the court exclude Dr. Rosenberg's

19  declaration in its entirety on two grounds: (1) the declaration

20  and anticipated testimony contain no useful expert opinions and

21  are therefore merely a conduit for the introduction of

22  inadmissible hearsay; and (2) the opinions the declaration and

23  expected testimony do contain are not founded sufficient facts

24  or data or reliable principles and methods which the expert

25  applied reliably to the facts.  (Rsp's. Mot.-Rosenberg, at 1-

26

27  _____

28  [1]    Even for testimony or evidence it excludes from the
    evidentiary hearing, the Court will make the item a part of the
    record for purposes of appellate review without considering it
    in ruling on petitioner's claims.

4

3).  These objections misconstrue the purpose for which the
Court anticipates Dr. Rosenberg's declaration and anticipated
testimony will be offered.

    Dr. Rosenberg is functioning in this case as a testifying
social historian, a species of mitigation expert whose function
in this habeas proceeding is to interpret the detailed social
history summary of the petitioner by developing a coherent
theme of the case within a psychological framework to assist
the court in understanding the mitigation evidence.

    Respondent is entirely correct that Dr. Rosenberg's
declaration and anticipated testimony are not admissible for
the truth of the facts they contain regarding petitioner's
background and character.  Rather, her declaration and
testimony merely provide a useful summary of the information
which trial counsel could have discovered had he conducted an
adequate investigation and which petitioner's other mitigation
experts, including Dr. Maloney, could have relied upon in
formulating their opinions regarding petitioner's psychological
health and makeup.  Such hearsay evidence is of the type
mitigation experts commonly rely upon in formulating their
opinions, see Bieghler v. Kleppe, 633 F.2d 531, 533 (9th Cir.
1980) (Fed. R. Evid., Rule 703 "permits the expert to base
opinions or inferences on facts or data not admissible in
evidence if they are of a type reasonably relied upon by
experts in the field."), and, in assessing petitioner's
ineffective trial counsel claim, the Court need not determine

whether the facts asserted in the evidence are true but only
whether a reasonable attorney would have relied upon the
evidence in presenting a mitigation case to the jury at the
penalty phase of petitioner's trial.

    Respondent's motion to exclude the Rosenberg declaration
and testimony in its entirety is DENIED.

(2)  Respondent's Objections to Specific Portions of Dr.
Rosenberg's Declaration

    Respondent objects to paragraphs 10-16, 18, 20, and 22-74
of Dr. Rosenberg's declaration on grounds of (1) hearsay and
(2) lack of foundation.  (Rsp's. Mot. – Rosenberg, at 4).
Respondent's objections are without merit.  The hearsay at
issue in these paragraphs is of the type commonly relied on by
experts in rendering opinions.  Fed. R. Evid., Rule 703;
Bieghler v. Kleppe, 633 F.2d at 533.  Fed. R. Evid., Rule 705
allows an expert to render an opinion without first testifying
to the underlying facts or data, with the proviso that the
expert may be required to disclose the underlying facts or data
on cross-examination.  Here, Dr. Rosenberg is expected to
testify on December 19, 2008, affording respondent an
opportunity for cross-examination.

    Respondent objects to paragraphs 10-13 on relevancy
grounds, suggesting that facts concerning events that occurred
before Petitioner was born are not relevant.  (Rsp's. Mot. –

6

Rosenberg, at 4).   This objection is without merit.   "Rule 401
of the Federal Rules of Evidence contains a very expansive
definition of relevant evidence."   United States v. Curtis, 568
F.2d 643, 645 (9th Cir. 1978).   "'Relevant evidence' means
evidence having any tendency to make the existence of any fact
that is of consequence to the determination of the action more
probable or less probable than it would be without the
evidence."   Fed. R. Evid., Rule 401.   To the extent that events
which occurred before petitioner's birth may have had an effect
on the manner in which petitioner was raised, they are
relevant.   See Hamblin v. Mitchell, 354 F.3d 482, 487 (6th Cir.
2003) ("Because the sentencer in a capital case must consider
in mitigation, anything in the life of the defendant which
might militate against the appropriateness of the death penalty
for the defendant, penalty phase preparation requires extensive
and generally unparalleled investigation into personal and
family history.") (quoting ABA Guidelines for the Appointment
and Performance of Defense Counsel in Death Penalty Cases ¶
10.7, at 80-83 (2003); emphasis added), cert. denied, 543 U.S.
925 (2004).


     Respondent objects to several assertions in paragraphs 43,
45, 48-49, 51-52, 55, 58-59, and 104-114 as "[i]mproper
opinion."   (Rsp's. Mot. – Rosenberg, at 4-5).   As noted, Fed.
R. Evid., Rule 705 allows an expert to render an opinion
without first testifying to the underlying facts or data, with
the proviso that the expert may be required to disclose the
underlying facts or data on cross-examination.   Here, Dr.

1   Rosenberg is expected to testify on December 19, 2008,

2   affording respondent an opportunity for cross-examination.  If,

3   after cross-examination, respondent is able to show that

4   certain of Dr. Rosenberg's opinions lack proper foundation,

5   respondent may renew the present motion as those opinions.

6

7        Finally, with respect to paragraphs 118-123, respondent

8   objects that, in opining that "minimal mitigation evidence" was

9   presented at trial, and that "substantial persuasive mitigation

10  evidence" was "readily available" (¶¶ 118-22), and by implying

11  petitioner was prejudiced because the jury was not provided

12  that evidence (¶ 123), Dr. Rosenberg improperly offers

13  testimony that expresses a legal conclusion, which is beyond

14  her area of expertise. (Rsp's. In Limine Mot. - Rosenberg, at

15  5).  Petitioner responds that Dr. Rosenberg's opinion was based

16  on her experience testifying in the penalty phase of capital

17  trials and her knowledge of the kinds of evidence that can be

18  presented in mitigation. (Opp.- Rosenberg, at 5).  While words

19  such as "minimal," "substantial," and "readily" are imprecise,

20  they do not convert what is an expert witness' opinion about

21  the amount of mitigating evidence that was available to trial

22  counsel into a legal conclusion.  Petitioner's position is

23  correct.

24

25  C.   Petitioner's Motion to Exclude Portions of Dr. Dunn's

26       Opinions Based on Tests by Dr. Kaaer-Boyd

27

28       Petitioner seeks to exclude testimony by respondent's

8

expert, Dr. John Dunn, "that offers an opinion based on the results of an incomplete MMPI test given to Allison by Dr. Nancy Kaser-Boyd, and a Rorschach Inkblot Technique test and Incomplete Sentences Blank form administered by Kaser-Boyd on January 14, 1984." (Ptr's. Mot., at 1).

Petitioner complains the test results on which Dr. Dunn's opinions are based are unreliable but fails to identify which specific opinions by Dr. Dunn are based on the test results he is challenging and therefore must be excluded. (See, e.g., Ptr's Mot., at 4 (Dunn "fails to indicate what specific test results he is referring to," making it "impossible to determine the actual basis of the opinions he offers."), 5 ("[A]ny opinions offered by Dunn that are based in part on the results of the MMPI administered by Kaser-Boyd must be excluded."), id. ("[A]ny opinions offered by Dunn that are based in part on the results of the Rorschach  and contends that the results of the Rorschach and sentence completion tests administered by Kaser-Boyd must be excluded."), 6 ("Dunn does not offer any evidence that would validate the Sentence Completion Blank as an objective test of exposure to extreme trauma as a child and the effects that exposure had on him.")).  As with respondent's objections to Dr. Rosenberg's opinions, many of these objections may be cured by direct testimony or cross-examination.  As with Dr. Rosenberg, the parties expect Dr. Dunn will testify in person at the evidentiary hearing and will be available for cross-examination.  (See Rsp's. Opp., supra, at 2-5 (stating Dr. Dunn will answer petitioner's objections in

1    his testimony at the evidentiary hearing)).  If, after

2    completion of cross-examination, petitioner is able to

3    demonstrate that Dr. Dunn's opinions lack adequate foundation

4    because they are based on unreliable test results, petitioner

5    may renew this motion, specifying which opinions are based on

6    what unreliable data and therefore should be excluded.

7

8        IT IS SO ORDERED.

9

Dated: December 17, 2008.

10

11                                    Christina A. Snyder
                                      UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10